

**RECEIVED**

APR **2 0** 2026



**BY MAIL**

**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MISSOURI**

Case # 4:26cv577

Filed Under Seal

Richard A. Edwards
Plaintiff

V.

JURY TRIAL DEMAND

John Does 1 – 14
Defendants

## Complaint

Plaintiff alleges as Follows;

### INTRODUCTION

(1) This Complaint, Submit under the Computer Fraud and Abuse Act.18 U.S.C Section 1030, the Sherman Antitrust Act 15 U.S.C Section 1 –7, Cyberstalking, Harassment 18 U.S.C Section 2261A, Loss of Income and Emotional Distress, Plaintiff seeks Damages and Injunction against John DOES 1-14, for unlawful access to his Computer, Cyberstalking, Cyber Harassment, Loss of Income, Emotional Distress, Fraud and unlawful restraint that affect Commerce, which cause Plaintiff to loss his Business and Become Homeless.

### The Relevant Parties and Entities

(2)     Richard Edwards, is a Resident of the State of Missouri and a Consumer of Google, Ebay, Amazon, USPS, Microsoft, PayPal, Citi Bank, UPS, Braintree, Shopify, Stripe, Everbank, Swanson, First Data, Walmart, Now Foods, Elavon, QuickBook, Discover Bank, Barnes Jewes Hospital, Bigcommerce and Lending Tree.

(3) Each Entity is a Commercial Enterprise engage in intrastate and interstate Commerce. They all Provide Service or Sell Merchandise Via Commerce to the Public.

(4) Mr. Edwards has probable cause to believe and does believe that evidence pertinent to identify DOES, instrumentality of the Sherman Antitrust Act, Cyberstalking, Cyberharrassment, Computer Fraud and Abuse Act and Security Breach Violations is located on the above Entities Computer Harddrive and Backup Computer Server.

(5) Each Entity Bore the same Significant Responsibility, because their Cybersecurity and IT Personal Repeatedly Fail to identify unauthorized access to their Computer System, identifying the unauthorized access would have Protect Mr. Edwards from Repeat Security Breach at their Entity that Harmed Mr. Edwards, Therefore a Rule 45 Subpoenas is warranted here, to identify DOES, Evidence to Establish Negligence and Violation of Missouri Security Breach Statute RSMo 407.1500. and to Support a application for TRO.

(6) Defendants, DOES 1-14 is a Natural Person who gained unlawful access to Mr. Edwards Computer in violation of the Computer Fraud and Abuse Act 18 U.S.C Section 1030, Cyber stalking and Cyber Harassment 18 U.S.C Section 2261A, and the Sherman Antitrust Act 15 U.S.C Section 1 -7,

(7) by knowingly and unlawfully impaired, obstructing and defeating the Cyber Security Put in Place on Mr. Edwards Computer to Protect Mr. Edwards and Consumers. DOES, intercept and respond to Mr. Edwards Electronic Communication, Constitute Tamper with a Computer User Pursuant to Missouri Law MO. 537.525 and in violation of Federal law 18 U.S.C Section 2520

(8) DOES, Gained Uncheck Cyber Access to each Entities above Mr. Edwards do Business with, intercept electronic Communication between Mr. Edwards and each entity, impersonate the Staff of each Entities, then subject Mr. Edwards to Cyberstalking and Cyber Harassment Contractual Interference, Fraud, and unlawful Restraint which affect Commerce.

(9) These acts execute through Cyberhacking and unlawful email takeover, DOES; Identity are presently unknown, once ascertained in discovery, they will be added to this Civil Complaint as defendants and served with process.

## JURISDICTION AND VENUE

(10) Plaintiff bring this Claim Pursuant to 18 U.S.C Section 1030, the Sherman Antitrust Act 15 USC Section 1 -7, 18 U.S.C Section 2261A Cyberstalking & Cyberharasament, 42 U.S.C Section 1983 Violation of Due Process and Equal Protection Clause of the 14th amendment to the United State Constitution,

(9) This Court Has jurisdiction under 28 U.S.C Section 1331, 1343 and 1367

(10)        Venue in this Court is Proper under 28 U.S.C Section 1391

(11) DOES, Actions has harmed and continue to Harm Mr. Edwards with their unlawful Restraint Campaign, Cyberstalking, Consistent Emotional Torture, Cyberharassment Via electronic mail, Deprivation and Fraud,

(12)        Based on the Ruthless Pattern of Behaviors Establish by DOES, with the ip and Email Address in Mr. Edwards Position and under the control of each entities above,

(13)        with the Assistance of an Appointed Counsel and the Proper and Necessary Assistance from this Court, Mr. Edwards Believes, and hereby alleges, that a Reasonable Opportunity for an investigation or Early Discovery Before Rule 26(f) will likely bear fruit of evidentiary value to identify DOES 1 - 14

(14)        A Early Discovery to identify a unidentified Defendant is Governed by the Ninth Circuit, the Ninth Circuit rule, When the identity of a Defendant in a Civil Complaint is unknown the Aggrieved Party Should give an opportunity through discovery to establish the identity of the defendant. Mr. Edwards recite Civil
Case No. 12cv00186 MMA(RBB),
See Case No: 25-cv-1453-JLS-MMP

See Gillespie V. Civiletti 629 F.2d 637 9th Cir

(15) If the Evidence sought is disturb and cannot be located upon the exercise of a rule 45 subpoenas, Google and Microsoft are within the meaning of 18 U.S.C Section 2713, Therefore; Mr. Edwards inherit additional Legal Standing to Petition this Court to Certified a Civil Application for Redress, Pursuant to 18 U.S.C Section 2707

## BRIEF STATEMENT OF THE FACTS

(16) The Facts establish the grounds for this Complaint and the probable cause to believing that such facts is exited are detailed below.

(17)     From in or around February 2015 until up to August 2025, in the Eastern District of Missouri and elsewhere, the Defendants John and Jane DOES 1 – 14, Engage in a Pattern of Sophisticated Unlawful Electronic Behavior Contrary to Title 18 U.S.C Section 1030, 18 U.S.C Section 2261A, the Sherman Antitrust Act. 15 U.S.C Section 1 – 7 and MO. 573.525

(18)     During the time period asserted above, DOES, Orchestrate and Execute Deeply Disturbing Pattern of email takeover Scheme, Phone call intercept and Suspend over 20 accounts / Contracts relevant to Support Mr. Edwards Ecommerce Business and income,

(19)     These repeat Violations of the Computer fraud and Abuse Act, the Sherman Antitrust Act, impaired Mr. Edwards ability to Pay his bills, Cause Mr. Edwards to loss his Business, become Mentally ill and Homeless, See Exhibit M-733

(20)     A Credit Card Processing Account for Mr. Edwards Ecommerce Business is essential to Operate Mr. Edwards Business, DOES, Defeat the Electronic Security at the credit processing Entity and gained access to the credit card processing entity Stripe card processing, Via Computer.

(21)     Impersonate the Credit Card Processing Company Staff, Fabricate Fraudulent writing /Documents into record to support a violation of the Credit Card Company Policy and Suspend Mr. Edwards Credit Card Processing Account, in reckless disregard for Title 18 U.S.C Section 1030, 15 U.S.C Section 1- 7, and 18 U.S.C. Section 2261A.

(22)     Please see Exhibit M-732 Submit into Evidence as one of the Fraudulent writing or documents, DOES used to termination Mr. Edwards credit card processing account for his business, and sent Via Electronic mail to Mr. Edwards by DOES. The defendants not only Close Mr. Edwards credit card processing account

(23) DOES, also take undisclosed amount of money from the Accounts, knowing that they did not have legal authority to access the account or to take the funds without Due Process of the Law. The Credit Card Processing accounts in-question here, used in interstate and intrastate commerce to process sales Order for Mr. Edwards Business,

(24) Defendant DOES, repeated these same unlawful restraint acts stated above, from 2015 to 2025 with Mr. Edwards Paypal Credit Cards processing Account, FirstData Credit Cards processing Account, Elevon Credit Cards processing Account, Braintree Credit Cards processing Account, Amazon Seller and Credit Cards processing Account, Ebay Seller and Credit Cards processing Account,

(25)    by impairing and defeating the cyber security at these entities then gained unlawful access to these Entities listed above and impaired Mr. Edwards Contracts/ agreements with fraudulent writing or Documents and suspend Mr. Edwards credit card processing Accounts in reckless disregard for Title 18 U.S.C Section 1030, 15 U.S.C Section 1- 7, and 18 U.S.C. Section 2261A.

(26) Defendant DOES, aware of Mr. Edwards Contract with these Credit Card processing entities and set out to Maliciously disturb Mr. Edwards contracts and did disturb Mr. Edwards contracts/ agreement, in violations of the computer fraud and abuse act 18 U.S.C 1030, cyberstalking and Cyberharasment 18 U.S.C Section 2261A, 15 U.S.C Section 1 -7 unlawful restraint and Missouri Statute Tamper with a Computer User MO. 575.525

(27) The unlawful Closing of these Credit Card Processing account to operate Mr. Edwards Business by DOES, cause irreparable harm to Mr. Edwards and Specifically Prohibited by the Fifth and Fourteenth Amendment.

(28) On 12-24-24 DOES gained Surreptitious access to Google Ads Service Database, Fabricate Materials to support a violation of google Ads policy and Suspend Mr. Edwards Ads Account, in a Retaliatory Nature,

(29) while a Complaint from Mr. Edwards is before the Appropriate Government Executive Branch, in Direct Conflict with United Stated Code 18 U.S.C Section 1513,

(30) because Mr. Edwards Engage in Protective Activity, such as notifying law enforcement of their unlawful behavior, Mr. Edwards file his Complaint against Southwest Patrol Police with the DOJ Civil Right Division,

(31) The nature of the complaint to the DOJ Civil Right Division, the Responding Officer dispatch to Mr. Edwards resident Regarding Cyberstalking Complaint

(32)  fail to initiate an investigation into cyberstalking or other violation of state law, purposely and unlawfully subject Mr. Edwards to deprivation of right, in violation of  federal law and the constitution 14, 5th and 4th amendment, hindering the apprehension of the Defendant DOE # 4 and DOE #1

(33) by refusing to make contact and gather information from DOES in regard to the claim Mr. Edwards Assert to the Police Dispatch and to him the first responding Officer.

(34) Persuade Mr. Edwards that the Materials in Mr. Edwards position is not rise to fraud or cyberstalking despite the evidence in Mr. Edwards position establish fruit of a crime.

(35) Unauthorized use of a credit card violate both state and federal law, and unlawful access to a secured  Computer is a crime, Therefore; the officer intent was to conceal a criminal offense or obstructing a criminal complaint and did conceal & obstructing a criminal offense

(36) DOES, Repeatedly Defeat Mr. Edwards Computer Security and gain access to Mr. Edwards Credit Card and Personal Information, Constitute violation of the Computer fraud and abuse Act 18 U.S.C 1030, 18 U.S.C Section 2261A Cyberstalking and Harassment and Missouri Law Tamper with a Computer User MO. 537.525

(37) the first responding officer purposely ignored the language embedded in Missouri statutes and statutes above for the sole purpose of Obstructing Mr. Edwards Complaint and Preventing the Apprehension of DOES.

(38) While the first responding officer talking to Mr. Edwards upstairs the resident, his backup Partner secretly enter Mr. Edwards Resident, did not announce he arrive and start searching Mr. Edwards resident without a warrant, after the Officers leave the Resident Mr. Edwards Enter the Room in-question and notice the Room is in disarray

(39) The first responding officer body camera can corroborate Mr. Edwards Claim, the first responding officer knew because he walk past the room and see his backup Partner in the room without authorization, to call his sergeant to see whether or not he can give Mr. Edwards a Police Report, which is unheard of, the fact that Mr. Edwards was reporting a felony

(40) Such behavior was questionable and indicative of a conspiracy to cover-up criminal activities and a behavior of a corrupt law enforcement, each incident required by state law to be Documented, See MO. 610.100.,

(41) the first responding officer did not tell his backup Partner to Stop, his actions Violate Mr. Edwards Right Secured and Protected under the United State Constitution, 14th Amendment and the Fourth Amendment,

(42) The officer failure to initiate an investigation, denied Mr. Edwards access to Court, knowingly and unlawfully conceal the violation of Mr. Edwards Due Process right by DOES, Denied Mr. Edwards of his right to know the true identity of the Stalkers./ DOES

(43) Mr. Edwards Believe He had been revictamize by the Officers and rely upon the Responding Officer Statements, after the first responding Officer receive information of the crimes Mr. Edwards alleging

(44) Specifically; responding Officer stated, he will not give Mr. Edwards a Police Report, and assert, call your Bank, your Bank will give you back the Money taken off the Credit Card, despite he required to enforce Missouri law and Evidence show DOES Continuously make unwanted contact with Mr. Edwards Via the internet,

(45) interfere with Mr. Edwards effort to get legal representation and repeatedly use Mr. Edwards Credit Card to buy Useless Product and send the products to Mr. Edwards,

(46) For the sole purpose of Harassing Mr. Edwards. The Officer refusing to make contact with suspect DOE #4 in Apartment B, is also contrary to Missouri Statute Mo. 575.020, and Missouri Constitution, Article 1 Section 32

(47) Southwest Police, Deliberately and Repeatedly denied Mr. Edwards of his Equal Protection Right in two Separate Cyberstalking report incidents to Southwest Police Patrol Division 63139,

(48) On 8-7-2023 and 10-24 2023, Officers refusing to initiate an investigation, is fundamentally incompatible with the basic promise of Equal Protection, and cross a Constitutional line, the 14th and 5th Amendment

(64) DOES, Action interfere with Mr. Edwards Contractual Agreement with Microsoft to provide Ads Service, Constitute unlawful restraint tactic to denied Mr. Edwards Access to Commerce and did denied Mr. Edwards Access to Commerce, in Violate of the Sherman Antitrust Act and the Computer Fraud and abuse Act.

(65) This Malicious action and timing to Suspend Mr. Edwards Account, let Mr. Edwards know that DOES, can see everything Mr. Edwards do on his computer and there are reason to believe, DOES, Commission a unreasonable invasion of Privacy Violation and infringe upon Mr. Edwards 14th Amendment Right,

(66) Mr. Edwards Pray this Court Authorize a Rule 45 Subpoena to be served upon Microsoft with Specific instruction to produce similar pattern with other consumers having their Ads account Suspend repeatedly within Minutes after accessing their Ads Account.

(67) There are ample of time to Suspend these Ads Accounts, why wait until Mr. Edwards Access his Ads Accounts to Administer Suspension?,

(68) The unlawful Closing of these Ads Account to operate Mr. Edwards Business by DOES, cause irreparable harm to Mr. Edwards and Specifically Prohibited by Fifth and Fourteenth Amendments

(69) The foundation upon which these account was suspend is not sound and Prohibited Under the Sherman Antitrust Act 15 USC Section 1 - 7, the Computer Fraud and Abuse Act 1030(a)(c) (4) (11), and 18 U.S.C Section 2261A,

(70) there is a present of a pattern with striking Similarity Characteristic Malicious Behavior Coming from Multiple Entities, Specifically; Microsoft and Google, reaffirm Mr. Edwards claim that he is a Victim of Cybe stalking & Cyber harassment and not Getting no help from the Authorities.

(71) These Malicious Acts did report to the Proper Authority (1) South West Patrol Police, 63139 (2) USPS Inspector General and (3) the DOJ Civil Right Division,

(72) Identifying Defendant DOES, is not difficult, Microsoft and Google as to Acknowledge that the Email Address and ip Address Mr. Edwards furnish is under their Control,

(73) There is a Present of Similar Characteristic Malicious Behavior Coming from these Email and ip address is harmful to Mr. Edwards Complying with the Subpoenas is the Prudent thing to do, to aid in the effort to identify DOES.

(74) The absence of the ip and email address and additional evidence from this Complaint, is to protect the integrity of the discovery and will disclose in each application for subpoena, There are reason to believe DOES, Obstruct Complaints to Law Enforcement,

(75) Demonstrate and Execute Superior Cyberhacking, Access Multiple Banks undetected, Close Mr. Edwards Account and Successfully Deprive Mr. Edwards of his Claim for unauthorized use of Mr. Edwards Bank Card, despite the Card in question is in Mr. Edwards Position and Funds on the cards is Federally Insured.

(76) DOES, behavior raise Serious and substantial question about Microsoft and Google ability to

effectively protect Mr. Edwards and consumers data, the fact that, DOES, Repeatedly Gained uncheck access to Mr. Edwards Data for years an know one at Google or Microsoft Cyber Security teams raise any alarm of Security breach.

(77) As alleges in this Complaint, the Defendants Committed various Acts in furtherance of cyberstalking, fraud, Cyber Harassment, Unlawful Restraint and there are present of conflict of interest with law enforcement, refuse to initiate an investigation despite the language in 14 amendment equal protection clause guarantee Mr. Edwards Protection.

(78) The Defendants Knowingly and unlawfully Defraud Mr. Edwards of his money and properties in violation of the Computer Fraud and abuse act and the 14 amendment due process clause, by means of unauthorized used funds and make claims with false writing or documents knowing the same to contain a materially false, fictitious and fraudulent statements into record of the banks and other entities listed in this complaints,

(79) Mr. Edwards believe and allege that his constitutional right under the 14, 5th and 4th amendment as being Violated, specifically Depriving Mr. Edwards of his Money and Properties without Due process, denied Mr. Edwards access to legal counsel by means of making improper contact with lawyer Mr. Edwards reach out to for help, directly and indirectly and access Mr. Edwards Papers without legal authority.,

(80) with the help of an a appointed Counsel to represent Mr. Edwards, Mr. Edwards Can overcome a motion for failure to state a claim, deposes witness, and timely filing the proper pleading throughout the proceeding for Damages

(81) Mr. Edwards make reasonable effort to deter these Defendants, through Multiple complaints to Law enforcement and Mr. Edwards take on other Job to pay for his legal fees, asking for legal representation from Lawyers was unsuccessful, Mr. Edwards income was not enough to cover a days work from a lawyer See Exhibit M-734.,

(82) And the fact that DOES, continue to impaired Mr. Edwards ability to earn a honest living, Continuously Subject Mr. Edwards to unlawful restraint in Commerce, Mr. Edwards research some facts to present this complaint, however because of Mr. Edwards Mental health disability, suffer from frequent dizziness and schizophrenia,

(83) Mr. Edwards ability to represent himself is limited, Mr. Edwards live in Poverty, and continue to live in Poverty, see Exhibit M -733, Mr. Edwards unable to come up with the $300 per hour for legal representation,

(84) Mr. Edwards Pray this Court Consider this Petition and Affidavit, Expedite this Process due to the fact that DOES show no sign of reversing course in their unlawful retraining & Constitutional Deprivation of right against Mr. Edwards,

(85) Mr. Edwards effort to secured funding for legal representation, help from ACLU, and other none profit and law offices for legal representation was unsuccessful and law enforcement's fail to intervene in multiples complaints Mr. Edwards filed, Mr. Edwards was inform and believe his Complaints to the proper authorities was obstruct, Specifically on 8-7-2023

,     (86) Plaintiff here by take Step to Protect all his Claims by asserting the Continuing Wrong Doctrine, atleast one actionable unlawful acts Commission by DOES occurred within Each statute of Limitation, Plaintiff Cause of Action for Damages and Injunction Under **18 U.S.C Section 1030(g), and 15 U.S.C Section 1 -7** Should not be disturb by the opposing Parties

## FIRST CAUSE OF ACTION
### Violation of the Computer Fraud and Abuse Act 18 U.S.C Section 1030

(87) Plaintiff reincorporates by reference Paragraphs 1 through 86 above with the same    force and effect as fully set out in specific detail here.

(88) Defendants Knowingly and unlawfully gain unauthorized access to Plaintiff Protected Computer for Malicious and fraudulent Purpose, Plaintiff Seek Compensatory Damages and Injunction Under Title 18 U.S.C Section 1030(g)

**(89) On 12-24-2024** in the evening, Plaintiff Access is Google Ads Account # 774-832-5841 at 7:26 P.M and by 7:50 p.m. DOES gain access to Google Ads Service Database and Suspend Plaintiff Ads Account

   (90)      the decision to suspend/Close Plaintiff Ads Account within 24 Minutes After Plaintiff Access his Google Ads Account, Let Plaintiff know that, DOES can see everything Plaintiff do on his Computer and  Their Behavior Consistence with prohibited activities under CFAA 18 USC Section 1030(a)(5)(c) the defendant's intentional malicious action and result of the harm, Plaintiff  Loss met the threshold of $5,000

(91)  Plaintiff use his Computer in interstate commerce and to Communicate with Google, Vendors and Customers, Defendants unlawfully access Plaintiff Computer impair Plaintiff ability to do Business with Consumers and  Google Ads Seivice, The Subsection of CFAA Prohibited This Pattern of Behavior under 18 U.S.C. 1030(a)(5); 18 U.S.C Section 1030(e)(2)

   (92)      Defendants desire to access Plaintiff Protected Computer and Deprive Plaintiff of his Tangible Service with Google Ads Service cause Plaintiff Significant harmed, As the result of the Intentional Malicious and unlawful Conduct administer by DOES, Plaintiff Suffered Loss exceed $5,000 within A year, Plaintiff entitle to a Money Damage and Injunction

## SECOND CAUSE OF ACTION
### Violation of the Computer Fraud and Abuse Act 18 U.S.C Section 1030

(93) Plaintiff reincorporates by reference Paragraphs 1 through 86 above with the same force and effect as fully set out in specific detail here.

(94) Defendants Knowingly and unlawfully gain unauthorized access to Plaintiff Protected Computer for Malicious and fraudulent Purpose, Plaintiff Seek Compensatory Damages and Injunction Under Title 18 U.S.C Section 1030(g)

(95) **On 9-5-2024** Plaintiff Access his Microsoft Ads Account # G149001YX1 at 2:04 p.m. and by 2:24 p.m DOES gain access to Microsoft Ads Service Database and Suspend Plaintiff Ads Account

(96) the decision to suspend/Close Plaintiff Ads Account within 20 Minutes After Plaintiff Access his Microsoft Ads Account, Let Plaintiff know that DOES can see everything Plaintiff do on his Computer, Their Behavior Consistence with prohibited activities under CFAA 18 USC Section 1030(a)(5)(c) **the defendant's intentional malicious action and result of the harm, Plaintiff Loss met the threshold of $5,000**

(98) Plaintiff use his Computer in interstate commerce and to Communicate with Microsoft, , Vendors and Consumers, Defendants unlawful access Plaintiff Computer and impair Plaintiff ability to do Business with Consumers and Microsoft, The Subsection of CFAA Prohibited This Pattern of Behavior under 18 U.S.C Section 1030(e)(2)

(99) Defendants desire to access Plaintiff Protected Computer and Deprive Plaintiff of his Tangible Service with Microsoft Ads Service cause Plaintiff Significant harmed, as the result of the Intentional, Malicious and unlawful Conducts administer by DOES, Plaintiff Suffered loss exceed $5,000 within one year, Plaintiff Entitle to a Money Damage and Injunction

## THIRD CAUSE OF ACTION
### Violation of the Computer Fraud and Abuse Act 18 U.S.C Section 1030

(100)  Plaintiff reincorporates by reference Paragraphs 1 through 86 above with the same force and effect as fully set out in specific detail here.

(101) Defendants Knowingly and unlawfully gain unauthorized access to Plaintiff Protected Computer for Malicious and fraudulent Purpose, Plaintiff Seek Compensatory Damage and Injunction Under Title 18 U.S.C Section 1030(g)

(102) **On 11-24-2023** Plaintiff Access his Microsoft Ads Account # G1200044KG at 2:03 p.m. and by 2:42 p.m DOES gain access to Microsoft Ads Service Database and Suspend Plaintiff Ads Account

(103) the decision to suspend/Close Plaintiff Ads Account within 39 Minutes After Plaintiff Access his Microsoft Ads Account, Let Plaintiff know that DOES can see everything Plaintiff do on his Computer, Their Behavior Consistence with prohibited activities under CFAA 18 USC Section 1030(a)(5)(c) **the defendant's intentional malicious action and result of the harm,** Plaintiff Loss met the threshold of $5,000

(104) Plaintiff use his Computer in interstate commerce and to Communicate with Microsoft, , Vendors and Customers, Defendants impair Plaintiff ability to do Business with Consumers and Microsoft, Such actions Prohibited under 18 U.S.C Section 1030(e)(2)

(105) Defendants desire to access Plaintiff Protected Computer and Deprive Plaintiff of his Tangible Service with Microsoft Ads Service cause Plaintiff Significant harmed, as the result of the Malicious and unlawful Conducts administer by DOES, Plaintiff Suffered Loss exceed $5,000 within one year, Plaintiff Entitle to a Money Damage and Injunction

## FORTH CAUSE OF ACTION
### Violation of the Computer Fraud and Abuse Act 18 U.S.C Section 1030

(106)  Plaintiff reincorporates by reference Paragraphs 1 through 86 above with the same force and effect as fully set out in specific detail here.

(107) Defendants Knowingly and unlawfully gain unauthorized access to Plaintiff Protected Computer for Malicious and fraudulent Purpose, Plaintiff Seek Compensatory Damages and Injunction Under Title **18 U.S.C Section 1030(g)**

(108) **On 3-28-2025** Plaintiff Access his Microsoft Ads Account # H107003Y1P at 5:38 p.m. and by 6:09 p.m DOES gain access to Microsoft Ads Service Database and Suspend Plaintiff Ads Account

(109) the decision to suspend/Close Plaintiff Ads Account within 21 Minutes After Plaintiff Access his Microsoft Ads Account Let Plaintiff know that, DOES can see everything Plaintiff do on his Computer, Their Behavior Consistence with prohibited activities under CFAA 18 USC Section 1030(a)(5)(c) **the defendant's intentional malicious action and result of the harm**, Plaintiff Loss met the threshold of $5,000

(110) Plaintiff use his Computer in interstate commerce to Communicate with Microsoft, , Vendors and Customers, Defendants impair Plaintiff ability to do Business with Consumers, and  Microsoft, Such actions Prohibited under 18 U.S.C Section 1030(e)(2)

(111) Defendants desire to access Plaintiff Protected Computer and Deprive Plaintiff of his Tangible Service with Microsoft Ads Service cause Plaintiff Significant harmed, as the result of the Intentional, Malicious and unlawful Conducts administer by DOES, Plaintiff Suffered Loss exceed $5,000 within a year, Plaintiff Entitle to a Money Damage and Injunction

## FIFTH CAUSE OF ACTION
### Violation of the Computer Fraud and Abuse Act 18 U.S.C Section 1030

(112)  Plaintiff reincorporates by reference Paragraphs 1 through 86 above with the same force and effect as fully set out in specific detail here.

(113) Defendants Knowingly and unlawfully gain unauthorized access to Plaintiff Protected Computer for Malicious and fraudulent Purpose, Plaintiff Seek Compensatory Damage and Injunction Under Title 18 U.S.C Section 1030(g)

(114) **On 1-25-2025** Plaintiff Access his Microsoft Ads Account # J14500IEH9 about 7 p.m. and by 7:35 p.m DOES gain access to Microsoft Ads Service Database and Suspend Plaintiff Ads Account

(115) the decision to suspend/Close Plaintiff Ads Account within 35 Minutes After Plaintiff Access his Microsoft Ads Account, Let Plaintiff know that DOES can see everything Plaintiff do on his Computer and Consistence with prohibited activities under CFAA 18 USC Section 1030(a)(5)(c) **the defendant's intentional malicious action and result of the harm**, Plaintiff Loss met the threshold of $5,000

(116) Plaintiff use his Computer in interstate commerce and to Communicate with Microsoft , Vendors and Customers, Defendants impair Plaintiff ability to do Business Consumers and Microsoft Ads Service, Such actions Prohibited under 18 U.S.C Section 1030(e)(2)

(117) Defendants desire to access Plaintiff Protected Computer and Deprive Plaintiff of his Tangible Service with Microsoft Ads Service cause Plaintiff Significant harmed, as the result of the Malicious and unlawful Conducts administer by DOES, Plaintiff Suffered loss exceed $5,000 within one year, Plaintiff Entitle to a Money Damage and Injunction

## SIXTH CAUSE OF ACTION
### Violation of the Computer Fraud and Abuse Act 18 U.S.C Section 1030
Plaintiff Seek Compensatory Damages and Injunction Under Title 18 U.S.C Section 1030(g)

(118) United State Code 18 U.S.C Section 1030, the 1994 amendments broadened the proscribed scope of conduct to include transmissions 18 U.S.C Section 1030(a)(5)(A) specifically prohibiting "knowingly causing the transmission of a program, **information**, code, or command" which "intentionally causes damage without authorization"). With these amendments, the focus of the statute shifted from a technical concept of computer access and authorization, to the defendant's malicious intent and resulting harm.

(119) The Defendant's Knowingly and unlawfully Gain unauthorized access to Plaintiff Protected Computer, Obtain None Public Information relevant to Plaintiff Ads Accounts with Google Ads Service, and on 12-25-24 at 5:10 a.m. **Christmas Morning,** the Defendant's, Gained Access to Google Ads Service Database, Fabricate Materials to support a Google Policy Violation and Suspend Plaintiff Ads Account # 5333990790, in violation of United State Code 18 U.S.C Section 1030(a)(5)(A) causing Damages exceed $5,000

(120) the decision to suspend Plaintiff Ads Account, Wholly, Consistence with prohibited activities under CFAA 18 USC Section 1030(a)(5)(c) the defendant's intentional malicious action and result of the harm, Plaintiff Loss met the threshold of $5,000

(121) Plaintiff use his Computer in interstate commerce and to Communicate with Consumers Google and Vendors, Defendants unlawfully access Plaintiff Computer and impair Plaintiff ability to do Business with Consumers and Google, The Subsection of CFAA Prohibited This Pattern of Behavior under 18 U.S.C Section 1030(e)(2)

(122) Defendant's desire to access Plaintiff Protected Computer and Deprive Plaintiff of his Tangible Service with Google Ads Service, cause Plaintiff Significant harmed, as the result of the Intentional, Malicious and unlawful Conducts administer by DOES, Plaintiff Suffered Loss exceed $5,000 within A year, Plaintiff entitle to a Money Damage and Injunction

## SEVENTH CAUSE OF ACTION
### Violation of the Sherman Antitrust Act 15 U.S.C Section 1 – 7

(123) From 2015 to 2026 The defendant's engage in a pattern of behavior, unlawfully Target

Plaintiff in Commerce, Constitute Per Se violation of 18 U.S.C Section 1951(a), 18 U.S.C Section 1030, 18 U.S.C Section 2261a, 18 U.S.C Section 1037, The Defendant's Maintain, a combination of unlawful, intentional, malicious activities that contrary to 15 U.S.C Section 1 – 7

(124) Such unlawful activities met the Standard to Support Multiples Violations of the Sherman Antitrust Act 15 U.S.C Section 1 – 7. Unlawful Restraint / Affect Commerce. The Prolong and over a Decade impairment substantially Affect Commerce, and Deprive Plaintiff of his ability to do Business in Commerce.

> Plaintiff relied on **Taylor V. United States, 579 U.S._(2016)** that, the repeat Violation of Title 18 by the Defendant's help set the Grounds for Relief under Title 15.

(125) On 3-11-2015 Plaintiff Establish a Credit Card Merchant Account with Merchant Depot a Agent for FirstData/ welforgo Bank, This Credit Card Merchant Account is essential to Operate Plaintiff Store in Commerce to Process  Payment for Merchandise when Customer Place an Order from Plaintiff ECommerce Store,

(126) The Defendant's gain access to Merchant Depot / FirstData Fabricate Fraudulent Materials to Support a violations of the Company Processing Policy and terminate Plaintiff Merchant Account # 517927389402024, This unlawful action Commission by DOES, Was Intentional, Malicious, Deliberate and Devised to Restraint Plaintiff in Commerce, in violation of 15 U.S.C. Section 1 -7 ,

(127) The defendant's acted knowingly and willfully, Deprive Plaintiff of his Tangible Service with Merchant Depot / FirstData, as the result of the unlawful Termination of the Credit Card Merchant Account, Plaintiff injured, Plaintiff entitle to  treble Compensatory damages and injunction

### EIGHT CAUSE OF ACTION
Violation of the Sherman Antitrust Act 15 U.S.C Section 1 – 7

(128) From 2015 to 2026 The defendant's engage in a pattern of behavior, unlawfully Target Plaintiff in Commerce, Constitute Per Se violation of 18 U.S.C Section 1951, 18 U.S.C Section 1030, 18 U.S.C Section 2261a, 18 U.S.C Section 1037 and Maintain a combination of unlawful, intentional, malicious activities contrary to 15 U.S.C Section 1 – 7.
(129) Such unlawful activities met the Standard to Support Multiples Violations of the Sherman Antitrust Act 15 U.S.C Section 1 – 7. Unlawful Restraint / Behavior Affect Commerce. The Prolong and over a Decade impairment substantially affect Commerce, and Deprive Plaintiff of his ability to do Business in Commerce.

(130) On **5-31-2017** Plaintiff Establish a Credit Card Merchant Account with Paypal a Credit Card Processor, This Credit Card Merchant Account is essential to Operate Plaintiff  Store in Commerce to Process Payment for Merchandise when Customers Place an Order from Plaintiff ECommerce Store,

(131) The Defendant's gain access to Paypal Credit Card Processing, Fabricate Fraudulent Materials to Support a violations of the Company Processing Policy and terminate Plaintiff Merchant Account # Paypal Pro xxxxxxxxxx, This unlawful  action Commission by DOES, Was Intentional, Deliberate and Devised to Restraint Plaintiff in Commerce, and did restraint Plaintiff in commerce, in violation of 15 U.S.C. Section 1 -7 ,

(132) The defendant's acted knowingly and willfully, Deprive Plaintiff of his Tangible Service with PayPal Merchant Card Processing, as the result of the unlawful Termination of the Credit Card Merchant Account, Plaintiff injured, Plaintiff entitle to treble Compensatory damages and injunction

## NINTH CAUSE OF ACTION
Violation of the Sherman Antitrust Act 15 U.S.C Section 1 – 7

(133) From 2015 to 2026 The defendant's engage in a pattern of behavior, unlawfully Target Plaintiff in Commerce, Constitute Per Se violation of 18 U.S.C Section 1951, 18 U.S.C Section 1030, 18 U.S.C Section 2261a, 18 U.S.C Section 1037,  Defendant's Maintain a combination of unlawful, intentional, malicious activities contrary to 15 U.S.C Section 1 – 7,

(134) Such unlawful activities met the Standard to Support Multiples Violations of the Sherman Antitrust Act 15 U.S.C Section 1 – 7. Unlawful Restraint / Affect Commerce. The Prolong and over a Decade impairment substantially Affect Commerce, and Deprive Plaintiff of his ability to do Business in Commerce.

(135) On **10-11-2017** Plaintiff Establish a Credit Card Merchant Account with Elavon Credit Card Processing, This Credit Card Merchant Account is essential to Operate Plaintiff  Store in Commerce to Process  Payment for Merchandise when Customers Place an Order from Plaintiff ECommerce Store,

(136) The Defendant's gain access to Elavon Fabricate Fraudulent Materials to Support a violations of the Company Processing Policy and terminate Plaintiff Merchant Account # 80331892626, This unlawful  action Commission by DOES, Was Intentional, Deliberate and Devised to Restraint Plaintiff in Commerce, in violation of 15 U.S.C. Section 1 -7 ,

(137) The defendant's acted knowingly and willfully, Deprive Plaintiff of his Tangible Service with Elavon Credit Card Processing, as the result of the unlawful Termination of the Credit Card Merchant Account, Plaintiff injured, Plaintiff entitle to treble Compensatory damage and injunction

## TENTH CAUSE OF ACTION
Violation of the Sherman Antitrust Act 15 U.S.C Section 1 – 7

(138) From 2015 to 2026 The defendant's engage in a pattern of behavior, unlawfully Target Plaintiff in Commerce, Constitute Per Se violation of 18 U.S.C Section 1951, 18 U.S.C Section 1038, 18 U.S.C Section 2261a, 18 U.S.C Section 1037, Defendant's Maintain a combination of unlawful, intentional, malicious activities contrary to 15 U.S.C Section 1 – 7,

(139) Such unlawful activities met the Standard to Support Multiples Violations of the Sherman Antitrust Act 15 U.S.C Section 1 – 7. Unlawful Restraint/ Behavior Affect Commerce. The Prolong and over a Decade impairment substantially Affect Commerce, and Deprive Plaintiff of his ability to do Business in Commerce.

(140) On **7-28-2022** Plaintiff Establish a Credit Card Merchant Account with Stripe Credit Card Processing, This Credit Card Merchant Account is essential to Operate Plaintiff  Store in Commerce to

Process  Payment for Merchandise when Customers Place an Order from Plaintiff ECommerce Store,

(141) The Defendant's gain access to Stripe Credit Processing, Fabricate Fraudulent Materials to Support a violations of the Company Processing Policy and terminate Plaintiff Merchant Account # xxxxxxxxxx, This unlawful  action Commission by DOES, Was Intentional, Deliberate and Devised to Restraint Plaintiff in Commerce, in violation of 15 U.S.C. Section 1 -7 Unlawful Restraint/ Behavior Affect Commerce.

(142) The defendant's acted knowingly and willfully, Deprive Plaintiff of his Tangible Service with Stripe Credit Card Processing, as the result of the unlawful Termination of the Credit Card Merchant Account, Plaintiff injured, Plaintiff entitle to treble Compensatory damages and injunction

## ELEVENTH CAUSE OF ACTION
Violation of the Sherman Antitrust Act 15 U.S.C Section 1 – 7

(143) From 2015 to 2026 The defendant's engage in a pattern of behavior, unlawfully Target Plaintiff in Commerce, Constitute Per Se violation of 18 U.S.C Section 1951, 18 U.S.C Section 1038, 18 U.S.C Section 2261a, 18 U.S.C Section 1037 and Maintain a combination of unlawful, intentional, malicious activities contrary
15 U.S.C Section 1 - 7,

(144) Such unlawful activities met the Standard to Support Multiples Violations of the Sherman Antitrust Act 15 U.S.C Section 1 – 7. Unlawful Restraint/ Behavior Affect Commerce. The Prolong and over a Decade impairment substantially Affect Commerce, and Deprive Plaintiff of his ability to do Business in Commerce.

(145) **On 12-17-2022** Plaintiff Establish a Credit Card Merchant Account with Braintree Credit Card Processing, This Credit Card Merchant Account is essential to Operate Plaintiff Store in Commerce, to Process  Payment for Merchandise when Customers Place an Order from Plaintiff ECommerce Store,

(146) The Defendant's gain access to Braintree Credit Card Processing, impair the System allowing Fraudulent Purchase to be Approve, when Plaintiff try to recover the Fraudulent Purchase the defendant's intercept all Plaintiff Communication with Braintree and UPS, impersonate the Staff of each Company Response to Communication which did not helpful, intercepting the Communication impaired Plaintiff ability to recover funds, or Products Ship by UPS, causing chargebacks, the Evidence show the Defendant's have full Control Over Braintree

(147) The Defendant's Then, Fabricate Fraudulent Materials to Support a violation of the Company Processing Policy, and state that the payment System did not configure Properly for the Merchant Account # xxxxxxx, In question, It important to note that Braintree Payment System is integrate into Bigcommerce Platform, and Plaintiff Ecommerce Store is on Bigcommerce Platform,

(148) Therefore; the information provide to Plaintiff is misleading and design to conceal the unlawful conducts, This unlawful  action Commission by DOES, Was Intentional, Deliberate and Devised to Defraud and Restraint Plaintiff in Commerce, in violation of 15 U.S.C. Section 1 -7 unlawful Restraint/ Behavior Affect Commerce.

(149) The defendant's acted knowingly and willfully, Deprive Plaintiff of his Properties and Tangible Service with Braintree Credit Processing, as the result of the unlawful Termination of the Credit Card Merchant Account, Plaintiff injured, Plaintiff entitle to treble Compensatory damages and injunction

## TWELFTH CAUSE OF ACTION
Violation of the Sherman Antitrust Act 15 U.S.C Section 1 – 7

(150) The Defendant's Repeat Violation of United State Code 18 U.S.C Section 1030(a)(5)(c) and 18 U.S.C Section 1030(e)(2) Per Se, in the first Cause of Action, Trigger Antitrust Violations 15 U.S.C Section 1 – 7 Unlawful Restraint/ Behavior Affect Commerce. Plaintiff Re-allege  FIRST CAUSE OF ACTION, in this Complaint, Violate 15 U.S.C Section 1 - 7

Plaintiff relied on **Taylor V. United States, 579 U.S._(2016)** that, the repeat Violation of Title 18 by the Defendant's help set the Grounds for Relief under Title 15.

Violation of the Computer Fraud and Abuse Act 18 U.S.C Section 1030

(151)  Plaintiff reincorporates by reference Paragraphs 1 through 86 above with the same force and effect as fully set out in specific detail here.

(152) Defendants Knowingly and unlawfully gain unauthorized access to Plaintiff Protected Computer for Malicious and fraudulent Purpose, Plaintiff Seek Compensatory Damages and Injunction

(153) **On 12-24-2024** in the evening, Plaintiff Access is Google Ads Account # 774-832-5841 at 7:26 P.M and by 7:50 p.m. DOES gain access to Google Ads Service Database and Suspend Plaintiff Ads Account

(154) the decision to suspend/Close Plaintiff Ads Account within 24 Minutes After Plaintiff Access his Google Ads Account, Let Plaintiff know that DOES can see everything Plaintiff do on his Computer and Consistence with prohibited activities under CFAA 18 USC Section 1030(a)(5)(c) **the defendant's intentional malicious action and result of the harm,** Plaintiff loss met the threshold of $5,000

(155) Plaintiff use his Computer in interstate commerce and to Communicate with Google, Vendors and Customers, Defendants unlawfully access Plaintiff Computer and impair Plaintiff ability to Communicate with Google, The Subsection of CFAA Prohibited This Pattern of Behavior under 18 U.S.C Section 1030(e)(2)

(156) Defendants desire to access Plaintiff Protected Computer and Deprive Plaintiff of his Tangible Service with Google Ads Service cause Plaintiff Significant harmed, As the result of the Intentional, Malicious and unlawful Conduct administer by DOES, Plaintiff Suffered loss exceed $5,000 within A year, Plaintiff entitle to treble Money Damages and Injunction

## THIRTEENTH CAUSE OF ACTION
Violation of the Sherman Antitrust Act 15 U.S.C Section 1 – 7

(157) The Defendant's, Repeat Violation of United State Code 18 U.S.C Section 1030(a)(5)(c) and 18 U.S.C Section 1030(e)(2) Per Se, in the Second Cause of Action, Trigger Antitrust Violations 15 U.S.C Section 1 – 7 Unlawful Restraint/ Behavior Affect Commerce, Plaintiff Re-allege SECOND CAUSE OF ACTION, in this Complaint Violate 15 U.S.C Section 1 - 7

Plaintiff relied on **Taylor V. United States, 579 U.S._(2016)** that, the repeat Violation of Title 18 by the Defendant's help set the Grounds for Relief under Title 15.

Violation of the Computer Fraud and Abuse Act 18 U.S.C Section 1030

(158) Plaintiff reincorporates by reference Paragraphs 1 through 86 above with the same force and effect as fully set out in specific detail here.

(159) Defendants Knowingly and unlawfully gain unauthorized access to Plaintiff Protected Computer for Malicious and fraudulent Purpose, Plaintiff Seek Compensatory Damages and Injunction.

(160) **On 9-5-2024** Plaintiff Access his Microsoft Ads Account # G149001YX1 at 2:04 p.m. and by 2:24 p.m DOES gain access to Microsoft Ads Service Database and Suspend Plaintiff Ads Account

(161) the decision to suspend/Close Plaintiff Ads Account within 20 Minutes After Plaintiff Access his Microsoft Ads Account, Let Plaintiff know that DOES can see everything Plaintiff do on his Computer and Consistence with prohibited activities under CFAA 18 USC Section 1030(a)(5)(c) the defendant's intentional malicious action and result of the harm, Plaintiff loss met the threshold of $5,000

(162) Plaintiff use his Computer in interstate commerce and to Communicate with Microsoft, , Vendors and Customers, Defendants unlawful access Plaintiff Computer and impair Plaintiff ability to Communicate with Microsoft, The Subsection of CFAA Prohibited This Pattern of Behavior under 18 U.S.C Section 1030(e)(2)

(163) Defendants desire to access Plaintiff Protected Computer and Deprive Plaintiff of his Tangible Service with Microsoft Ads Service cause Plaintiff Significant harmed, as the result of the Intentional, Malicious and unlawful Conducts administer by DOES, Plaintiff Suffered loss exceed $5,000 within one year, Plaintiff Entitle to treble Money Damages and Injunction

### FORTHTEEN CAUSE OF ACTION
Violation of the Sherman Antitrust Act 15 U.S.C Section 1 – 7

(164) The Defendant's, Repeat Violations of United State Code 18 U.S.C Section 1030(a)(5)(c) and 18 U.S.C Section 1030(e)(2) Per Se, in the Third Cause of Action, Trigger Antitrust Violations 15 U.S.C Section 1 – 7 Unlawful Restraint/ Behavior Affect Commerce. Plaintiff Re-alleges THIRD CAUSE OF ACTION, in this Complaint Violate 15 U.S.C Section 1 - 7

Plaintiff relied on **Taylor V. United States, 579 U.S._(2016)** that, the repeat Violation of Title 18 by the Defendant's help set the Grounds for Relief under Title 15.

Violation of the Computer Fraud and Abuse Act 18 U.S.C Section 1030

(165)  Plaintiff reincorporates by reference Paragraphs 1 through 86 above with the same force and effect as fully set out in specific detail here.

(166) Defendants Knowingly and unlawfully gain unauthorized access to Plaintiff Protected Computer for Malicious and fraudulent Purpose, Plaintiff Seek Compensatory Damage and Injunction.

(167) **On 11-24-2023** Plaintiff Access his Microsoft Ads Account # G1200044KG at 2:03 p.m. and by 2:42 p.m DOES gain access to Microsoft Ads Service Database and Suspend Plaintiff Ads Account

(168) the decision to suspend/Close Plaintiff Ads Account within 39 Minutes After Plaintiff Access his Microsoft Ads Account, Let Plaintiff know that DOES can see everything Plaintiff do on his Computer and Consistence with prohibited activities under CFAA 18 USC Section 1030(a)(5)(c) **the defendant's intentional malicious action and result of the harm**, Plaintiff loss met the threshold of $5,000

(169) Plaintiff use his Computer in interstate commerce and to Communicate with Microsoft, , Vendors and Customers, Defendants impair Plaintiff ability to Communicate with Microsoft  and Such actions Prohibited under 18 U.S.C Section 1030(e)(2)

(170) Defendants desire to access Plaintiff Protected Computer and Deprive Plaintiff of his Tangible Service with Microsoft Ads Service cause Plaintiff Significant harmed, as the result of the Malicious and unlawful Conducts administer by DOES, Plaintiff Suffered loss exceed $5,000 within one year, Plaintiff Entitle to treble Money Damage and Injunction

## FIFTEENTH CAUSE OF ACTION
Violation of the Sherman Antitrust Act 15 U.S.C Section 1 – 7

(171) The Defendant's, Repeat Violation of United State Code 18 U.S.C Section 1030(a)(5)(c) and 8 U.S.C Section 1030(e)(2) Per Se, in the Forth Cause of Action, Trigger Antitrust Violations 15 U.S.C Section 1 – 7 Unlawful Restraint/ Behavior Affect Commerce. Plaintiff Re-alleges Forth Cause of Action in this Complaint Violate 15 U.S.C Section 1 - 7

Plaintiff relied on **Taylor V. United States, 579 U.S._(2016)** that, the repeat Violation of Title 18 by the Defendant's help set the Grounds for Relief under Title 15.

Violation of the Computer Fraud and Abuse Act 18 U.S.C Section 1030

(172)  Plaintiff reincorporates by reference Paragraphs 1 through 86 above with the same force and effect as fully set out in specific detail here.

(173) Defendants Knowingly and unlawfully gain unauthorized access to Plaintiff Protected Computer for Malicious and fraudulent Purpose, Plaintiff Seek Compensatory Damages and Injunction

(174) **On 3-28-2025** Plaintiff Access his Microsoft Ads Account # H107003Y1P at 5:38 p.m. and by 6:09 p.m DOES gain access to Microsoft Ads Service Database and Suspend Plaintiff Ads Account

(175) the decision to suspend/Close Plaintiff Ads Account within 21 Minutes After Plaintiff Access his Microsoft Ads Account Let Plaintiff know that DOES can see everything Plaintiff do on his Computer and Consistence with prohibited activities under CFAA 18 USC Section 1030(a)(5)(c) the defendant's intentional malicious action and result of the harm, Plaintiff loss met the threshold of $5,000

(176) Plaintiff use his Computer in interstate commerce to Communicate with Microsoft, , Vendors and Customers, Defendants impair Plaintiff ability to Communicate with Microsoft and Such actions Prohibited under 18 U.S.C Section 1030(e)(2)

(177) Defendants desire to access Plaintiff Protected Computer and Deprive Plaintiff of his Tangible Service with Microsoft Ads Service cause Plaintiff Significant harmed, as the result of the Intentional, Malicious and unlawful Conducts administer by DOES, Plaintiff Suffered loss exceed $5,000 within a year, Plaintiff Entitle to treble Money Damage and Injunction

## SIXTEENTH CAUSE OF ACTION
Violation of the Sherman Antitrust Act 15 U.S.C Section 1 – 7

(178) The Defendant's, Repeat Violation of United State Code 18 U.S.C Section 1030(a)(5)(c) and 8 U.S.C Section 1030(e)(2) Per Se, in the Fifth Cause of Action, Trigger Antitrust Violations 15 U.S.C Section 1 – 7 Unlawful Restraint/ Behavior Affect Commerce, Plaintiff Re-alleges Fifth Cause of Action in this Complaint Violate 15 U.S.C Section 1 - 7

Plaintiff relied on **Taylor V. United States, 579 U.S._(2016)** that, the repeat Violation of Title 18 by the Defendant's help set the Grounds for Relief under Title 15.

Violation of the Computer Fraud and Abuse Act 18 U.S.C Section 1030

(179) Plaintiff reincorporates by reference Paragraphs 1 through 86 above with the same force and effect as fully set out in specific detail here.

(180) Defendants Knowingly and unlawfully gain unauthorized access to Plaintiff Protected Computer for Malicious and fraudulent Purpose, Plaintiff Seek Compensatory Damage and Injunction

(181) **On 1-25-2025** Plaintiff Access his Microsoft Ads Account # J14500IEH9 about 7 p.m. and by 7:35 p.m DOES gain access to Microsoft Ads Service Database and Suspend Plaintiff Ads Account

(182) the decision to suspend/Close Plaintiff Ads Account within 35 Minutes After Plaintiff Access his Microsoft Ads Account, Let Plaintiff know that DOES can see everything Plaintiff do on his Computer and Consistence with prohibited activities under CFAA 18 USC Section 1030(a)(5)(c) the defendant's intentional malicious action and result of the harm, Plaintiff loss met the threshold of $5,000

(183) Plaintiff use his Computer in interstate commerce and to Communicate with Microsoft , Vendors and Customers, Defendants impair Plaintiff ability to Communicate with Microsoft and Such actions Prohibited under 18 U.S.C Section 1030(e)(2)

(184) Defendants desire to access Plaintiff Protected Computer and Deprive Plaintiff of his Tangible Service with Microsoft Ads Service cause Plaintiff Significant harmed, as the result of the Malicious and unlawful Conducts administer by DOES, Plaintiff Suffered loss exceed $5,000 within one year, Plaintiff Entitle to treble Money Damage and Injunction

## SEVENTEENTH CAUSE OF ACTION
Violation of the Sherman Antitrust Act 15 U.S.C Section 1 – 7

(185)The Defendant's, Repeat Violation of United State Code 18 U.S.C Section 1030(a)(5)(a), 18 U.S.C Section 1030(a)(5)(c) and 18 U.S.C Section 1030(e)(2) Per Se, in the Sixth Cause of Action, Trigger Antitrust Violations 15 U.S.C Section 1 – 7 Unlawful Restraint/ Behavior Affect Commerce. Plaintiff Re-alleges SIXTH CAUSE OF ACTION, in this Complaint Violate 15 U.S.C Section 1 - 7

Plaintiff relied on **Taylor V. United States, 579 U.S._(2016)** that, the repeat Violation of Title 18 by the Defendant's help set the Grounds for Relief under Title 15.

Violation of the Computer Fraud and Abuse Act 18 U.S.C Section 1030

(186) United State Code 18 U.S.C Section 1030, the 1994 amendments broadened the proscribed scope of conduct to include transmissions 18 U.S.C Section 1030(a)(5)(A) specifically prohibiting "knowingly causing the transmission of a program, **information**, code, or command" which "intentionally causes damage without authorization"). With these amendments, the focus of the statute shifted from a technical concept of computer access and authorization, to the defendant's malicious intent and resulting harm.

(187) The Defendant's Knowingly and unlawfully Gain unauthorized access to Plaintiff Protected Computer, Obtain None Public Information relevant to Plaintiff Ads Account with Google Ads Service, and **on 12-25-24 at 5:10 a.m. Christmas Morning,** the Defendant's, Gained Access to Google Ads Service Database, Fabricate Materials to support a Google Policy Violation and Suspend Plaintiff Ads Account # 5333990790, in violation of United State Code 18 U.S.C Section 1030(a)(5)(A) causing Damages exceed $5,000

(188) the decision to suspend/Close Plaintiff Ads Account, Let Plaintiff know that DOES Continue to impair Security put in place on Plaintiff Computer and can see everything Plaintiff do on his Computer and Consistence with prohibited activities under CFAA 18 USC Section 1030(a)(5)(c) the defendant's intentional malicious action and result the of the harm, Plaintiff loss met the threshold of $5,000

(189) Plaintiff use his Computer in interstate commerce and to Communicate with Google, Vendors and Customers, Defendants unlawfully access Plaintiff Computer and impair Plaintiff ability to Communicate with Google, The Subsection of CFAA Prohibited This Pattern of Behavior under 18 U.S.C Section 1030(e)(2)

(190) Defendant's desire to access Plaintiff Protected Computer and Deprive Plaintiff of his Tangible Service with Google Ads Service, cause Plaintiff Significant harmed, as the result of the Intentional, Malicious and unlawful Conduct administer by DOES, Plaintiff Suffered loss exceed $5,000 within A year, Plaintiff entitle to treble Money Damages and Injunction

## EIGHTEENTH CAUSE OF ACTION
## Loss of Enjoyment of Life

 (191) The Defendant's Repeat Violation of State and Federal Laws Title 18 U.S.C Section 2261A, RSMo 565.090 Cyberharrass and RSMo 565.225 Cyberstalking, Plaintiff Suffer Loss of Enjoyment of Life.

**Lanasa v. Downey (1947):** A long-standing precedent in Missouri, cited in modern tort cases, which established that impairment of the capacity to work is a compensable injury, distinct from actual lost wages, which often directly impacts the enjoyment of life.

(192) From 2015 to 2026 The Defendant's embarked on a Malicious Campaign of Cyberstalking and Harassment against Plaintiff, in violation of 18 U.S.C. Section 2261a (b) and 18 U.S.C. Section 2261a, (2) which impair Plaintiff of his ability work in commerce, cause Plaintiff to become Homeless and Suffered Loss of Enjoyment of life.

(193) the Texts of these two subsection of the above Title 18 Prohibits the defendant's from using a Computer with the intent to injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that--

(194) The Defendant's Repeated Malicious Behaviors Depicted in Paragraph 1 to 86 of this complaint Satisfied Plaintiff Eighteenth Cause of Action for a Loss of Enjoyment of life, Plaintiff Request Relief, that Damage and injunction to be enter against all Defendant's

## NINHTEENTH CAUSE OF ACTION
### Emotional Distress
(All Defendants)

(195) Plaintiff alleges and reincorporates by reference Paragraph 1 through 86 with the sane force and effect as fully set out in specific detail here.

(196) All Defendant's, for over a decade Defendant's, embarked on a Malicious Campaign of Cyberstalking, Cyberharassment, Computer Frauds, unlawful restraint in commerce, thief of funds, Repeat identify thief, Repeat unauthorized use of credit card, and Banks card, All commission asserted here Harmed Plaintiff,

(197) These defendants acted intentionally or recklessly, their conducts was extreme and outrageous beyond all bounds of decency and their behavior cause emotional distress, the defendant's acted with a

specific intent to harm Plaintiff and did Harmed Plaintiff., by Repeatedly and Unlawfully Terminate Plaintiff Credit Card Processing Accounts and Ads Accounts which is the essential Component Operate Plaintiff Business.

(198) Their Conduct Deprive Plaintiff of a Income and Subject Plaintiff to Continuous Unbearable Cyberstalking & Cyberharassment, the aforementioned actions constitute a pattern of illegal conducts that remains ongoing from 2015 to 2026 the Defendant's actions describe above in paragraph 1 to 86 were done with malice, with the intent to cause, or the knowledge that it would cause emotional distress to Plaintiff.

(199) As a result thereof, Plaintiff has suffered and continue to suffer emotional distress, thereby entailing to Plaintiff to relief related to stated herein, treble money damages, including **Humiliation and inconvenience,**

## TWENTY CAUSE OF ACTION
### Tampering with a computer user
### 34 Counts

The Facts Supporting the Twenty Cause of Action For Damages inherit under **RSMo 537.525**, is a Component of a Tort and asserted in great detail below

(200) From 2015 to 2026, the Defendant's embarked on a cyberstalking, Cyberharassment and Computer Fraud Campaign, designed to inflicted Maximum injured to Plaintiff, by Execute and Maintain a Combination of unlawful restraint in commerce, cyberstalking, Cyberharassment and Computer Fraud Campaign against Plaintiff, as assert in Paragraph 1 to 86 of this Complaint.

(201) To Successfully Accomplish their Malicious Campaign against Plaintiff, The Defendant's Repeatedly Gain Unlawful access to Plaintiff Protected Computer and Email without authorization. The offense of tampering with computer users is unlawful, if the offense is committed for the purpose of devising or executing any scheme or artifice to defraud or to obtain any property, the value of which is seven hundred fifty dollars or more.

(202) including External Computer, Computer Server, Computer Network and Network of Google, Microsoft, Paypal Credit Card Processing, FirstData Credit Card Processing, Now Foods, CVS, stripe Credit Card Processing, Amazon, Ebay, Shopify, walmart, Discover Bank, Beaintree Credit Card processing and Citi Bank that store Plaintiff Confidential Data, therefore Constitute Tamper with a Computer User Under Missouri Law RSMo.569.099

(203) Missouri Statute RSMo.569.099 Specifically Prohibit **tampering with a computer User,** The Defendant's committed the offense of tampering with computer User, because Plaintiff did not give the Defendant's Authorization to access his email or to Modify his Computer, The Defendant's knowingly and without authorization or without reasonable grounds to believe that he had such authorization to access email or modified Plaintiff's computer, computer system, or computer network.

(204) The evidence show, the Defendant's unlawful Pattern of Behavior well within the Meaning of RSMo.569.099  it is Plaintiff Opinion and facts that, the Defendant's Commission a Tort Violation by Accessing Plaintiff email, Computer, Computer Network, repeatedly

Accessing Plaintiff information, Posting Plaintiff information online and Repeatedly Use Plaintiff Credit Card And Bank Card, Plaintiff is Injured and Entitle to a Money Damage and injunction relief Pursuant to **RSMo 537.525**,

**TWENTY ONE CAUSE OF ACTION**
**tampering with computer equipment**
**34 Counts**

The Facts Supporting the Twenty one Cause of Action For Damages inherit under **RSMo 537.525**, is a Component of a Tort and asserted in great detail below

(205) From 2015 to 2026, the Defendant's embarked on a cyberstalking, Cyberharassment and Computer Fraud Campaign, designed to inflicted Maximum injured to Plaintiff, by Execute and Maintain a Combination of unlawful restraint in commerce, cyberstalking, Cyberharassment and Computer Fraud Campaign against Plaintiff, as assert in Paragraph 1 to 86 of this Complaint.

(206) Missouri Statute RSMo.569.097 Specifically Prohibit **tampering with computer equipment** in order for the Defendant's to gain access Plaintiff information, take data and disclose Plaintiff Data online, the defendant's as to impair Plaintiff Computer Equipment,

(207) The Defendant's committed the offense of **tampering with computer equipment,** because Plaintiff did not give the Defendant's Authorization to access his email, take Data or to Modify his Computer, The Defendant's knowingly and without authorization or without reasonable grounds to believe that he had such authorization to modified Plaintiff's computer, computer system, or computer network.

(208) The offense of tampering with computer data is unlawful, if the offense is committed for the purpose of devising or executing any scheme or artifice to defraud or to obtain any property, the value of which is seven hundred fifty dollars or more. .

(209) The evidence show, the Defendant's unlawful Pattern of Behavior well within the Meaning of RSMo.569.097, it is Plaintiff Opinion and Facts, that the Defendant's Commission a Tort Violation, Accessing Plaintiff email, Computer, Computer Network, take Data and disclosing Plaintiff information online, Repeatedly Use Plaintiff Credit Card And Bank Card, and repeatedly Denied Plaintiff access To his Accounts, Cause Plaintiff to  Injured and Entitle to a Money Damage and injunction relief Pursuant to **RSMo 537.525**,

**TWENTY TWO CAUSE OF ACTION**
**Tampering with Computer Data**
**34 Counts**

The Facts Supporting the Twenty two Cause of Action For Damages inherit under **RSMo 537.525**, is a Component of a Tort and asserted in great detail below

(210) From 2015 to 2026, the Defendant's embarked on a cyberstalking, Cyberharassment and Computer Fraud Campaign, designed to inflicted Maximum injured to Plaintiff, by Execute and Maintain a Combination of unlawful restraint in commerce, cyberstalking,

Cyberharassment and Computer Fraud Campaign against Plaintiff, as assert in Paragraph 1 to 86 of this Complaint.

(211) Missouri Statute RSMo. 569.095 Specifically Prohibit **tampering with computer data** in order for the Defendant's to gain access Plaintiff information and disclose Plaintiff online the defendant as to impair Plaintiff Computer internet security and gain unauthorized access

(212) The Defendant's committed the offense of **tampering with computer data,** because Plaintiff did not give the Defendant's Authorization to access his email or to Modify his Computer, The Defendant's knowingly and without authorization or without reasonable grounds to believe that he had such authorization to modified Plaintiff's computer, computer system, or computer network.

(213) The offense of tampering with computer data is unlawful, if the offense is committed for the purpose of devising or executing any scheme or artifice to defraud or to obtain any property, the value of which is seven hundred fifty dollars or more. .

(214) The Evidence show, the Defendant's unlawful Pattern of Behavior well within the Meaning of RSMo.569.097, it is Plaintiff Opinion and Facts, that the Defendant's Commission a Tort Violation, by Accessing Plaintiff email, Computer, Computer Network, take Data, disclosing Plaintiff information online, Repeatedly Use Plaintiff Credit Card, Bank Card, and repeatedly Denied Plaintiff access To his Accounts, Plaintiff is Injured and Entitle to a Money Damage and injunction relief Pursuant to **RSMo 537.525,**

**Note**
(215) The 34 Counts of each Offense of **tampering with computer data**, **tampering with computer equipment**, and **tampering with computer users** are separate Offense duly enacted by the Legislature in the State of Missouri. The Defendant's can be hold liable with each of the 34 Offense of each Counts, Based on the Defendant's acts of gaining unauthorized access to Plaintiff's emails, Computer, and External Computer Network and the Facts that, repeat unauthorized use of Plaintiff Banks Cards, Constitute thing of Value, and the Date of the Commission of each Offense are separate Date, including the Claims asserted under Title 18 and 15,

(216) Plaintiff' Establish Specific **Pattern of Unlawful Activity** by the Defendant's which may have Constitute Rico Violation, However; Plaintiff not fully aware of the Elements to support a Rico Claim, Plaintiff intend to investigate and Persuade this Court For permission to amend his Complaint after discovery to assert Civil Rico Claim .

(217) On all Counts, the defendant's Pattern of Unlawful Activity is the proximate cause of Plaintiff injury, Plaintiff Seek Damages and Permanent injunction. Plaintiff' seek Damaged to be Affirm by Jury in the sum of $750 Million and Permanent Injunction, Including Interest Attorney fees and any other Remedy Deemed Appropriate, to enter against DOES from this Court for the Harmed they cause.

 Plaintiff ask this Court to take the appropriate action to address this Prolong Malicious actions Administer by DOES, to address the harmed Plaintiff' Suffered.

Respectfully Submit

by _____   4/14/26

Richard Edwards
3469 South Grand Blvd
Saint Louis Mo.63118
jaroholdings@yahoo.com

Submit Via U.S. Mail
and
Electronic Mail